# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NANCY CAROLINA PEREZ,**<br>Plaintiff**,**<br>vs.<br>**ROBERT COWAN, ET AL.,**<br>Defendants**.** | CASE NO. 15-cv-01444-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO REMAND AS MOOT.**<br><br>Re: Dkt. Nos. 42, 43 |

Plaintiff Nancy Carolina Perez is a citizen of El Salvador who currently resides in Daly City, California. (*Id.* ¶¶ 2, 10.) She entered the United States without inspection on or about April 1, 1993. (*Id.*) Thereafter, Perez disclosed her unlawful entry and was granted Temporary Protected Status ("TPS") on September 9, 2002. (*Id.* ¶¶ 2, 11–12.) On July 23, 2014, Ms. Perez filed a Form I-485, Application to Register Permanent Residence or Adjust Status (the "Application"). (*Id.* ¶ 15.) The United States Citizenship and Immigration Service ("USCIS") denied plaintiff's application on the ground that plaintiff failed to submit evidence of "lawful admission . . . into the United States." (*Id.* ¶ 18, Ex. 5.)

On March 30, 2015, plaintiff filed this action for mandamus and declaratory relief alleging that defendants unlawfully denied plaintiff's Application. (Dkt. No. 1, Petition.) On June 24, 2015, the parties filed a joint motion to stay the case and hold proceedings in abeyance pending the Ninth Circuit's decision in *Ramirez v. Dougherty*, No. 14-35633, on the ground that issues presented in *Ramirez* would affect the above-captioned case. (Dkt. No. 18.) This Court stayed the case on June 29, 2015. (Dkt. No. 20.)

On March 31, 2017, the Ninth Circuit held in *Ramirez v. Brown* (formally titled *Ramirez v. Dougherty*) that aliens who have received TPS are deemed "admitted" for the purposes of adjusting immigration status. *Ramirez v. Brown*, 852 F.3d 954, 964 (9th Cir. 2017.) Accordingly, this Court lifted the stay in this case and directed the parties to "file any motions seeking specific

relief." (Dkt. Nos. 37 and 41.)

Now before the Court is plaintiff's motion to remand this case to the USCIS on the ground that the USCIS had reopened plaintiff's Application.[1] (Dkt. No. 42 at 3.) Just two days after Perez filed her motion to remand, on November 2, 2017, plaintiff's Application was approved by Senior Immigration Services Officer Jeffrey S. Passage. (Dkt. No. 42-3, Declaration of Senior Immigration Services Officer Jeffrey S. Passage ("Passage Decl.") ¶ 1.) In light of USCIS's approval of plaintiff's Application, defendants now move to dismiss as moot (i) plaintiff's motion to remand and (ii) this case in its entirety. (Dkt. No. 43.)

Having carefully considered the pleadings and the arguments of the parties, the Court hereby **GRANTS** defendants' motion to dismiss the case in its entirety and **DENIES** plaintiff's motion to remand as moot.

## I. LEGAL STANDARD

The constitutional standing doctrine "functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 191 (2000). This "case or controversy" requirement is jurisdictional and cannot be waived. *City of L.A. v. Cty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009). The party asserting federal jurisdiction must carry the burden of establishing standing under Article III. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).

"The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court

---

[1] Plaintiff also moves for an order "requiring payment of just costs and actual expanse, including attorney fees, incurred as a result of the removal" under the Equal Access to Justice Act (the "EAJA"). (Dkt. No. 42 at 1.) Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(B), "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought."

Here, petitioner fails to explain how the Court can grant the relief which petitioner requests including an award of attorneys' fees in light of the circumstances, namely that Perez's Application was approved just two days after Perez filed the motion to remand. Further, petitioner fails to explain why petitioner is entitled to attorneys' under Section 2412(d)(1)(B) given that no "final judgment" has been entered in this case. Therefore, plaintiff's request for attorney fees is **DENIED**.

2

proceedings." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011) (citing *Burke v. Barnes,* 479 U.S. 361, 363 (1987)). Put differently, a case is moot and must be dismissed for lack of jurisdiction "where no actual or live controversy exists." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (internal citations omitted). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

A motion to dismiss for lack of subject matter jurisdiction may take either a "facial" or a "factual" form. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When the jurisdictional attack is "facial," the Court accepts as true the factual allegations of the complaint. *Federation of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the attack is "factual," the Court may consider affidavits or other evidence that would be properly before the court. *See Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).

**II. DISCUSSION**

The Court finds that it lacks subject matter jurisdiction to hear the instant case due to mootness. The Court deems defendant's attack factual in nature because it is based on the recent factual developments regarding plaintiff's Application before the UCIS. Defendants offer the declaration of Jeffrey S. Passage to show that the USCIS granted plaintiff's application on November 2, 2017. (Passage Decl. ¶ 1.) Plaintiff concedes that the USCIS "has granted Plaintiff's application to adjust status and she obtained her permanent resident card on or about November 3, 2017." (Dkt. No. 46 at 2:17-18.) Plaintiff further agrees that the case should be dismissed, but requests that the "Court first remand the case" the USCIS. (*Id*. at 2:18-19.) However, plaintiff offers no argument or authority as to why this Court should remand the case before granting defendant's motion to dismiss. As noted above the sole remaining issue in this case is plaintiff's request for attorney fees under the EAJA. However, "the existence of an attorneys' fees claim . . . does not resuscitate an otherwise moot controversy." *M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 857 (9th Cir. 2014), *as amended* (Oct. 1, 2014) (citing *Cammermeyer v. Perry*, 97 F.3d 1235, 1238 (9th Cir. 1996). In any event, the request for attorneys' fees under the EAJA is procedurally improper. *See* 28 U.S.C. § 2412(d)(1)(B).

3

Accordingly, the Court finds that plaintiff cannot satisfy her burden of establishing that "an actual, ongoing controversy exist[s] at [this stage] of [the] federal court proceeding[]." *Pitts*, 653 F.3d at 1086 (citing *Burke,* 479 U.S. at 363). Therefore, the case is moot and must be dismissed for lack of jurisdiction. *See Foster*, 347 F.3d at 745.

### III. CONCLUSION

Having carefully considered the papers submitted, the record in this case, and good cause shown, the Court hereby **GRANTS** defendants' motion to dismiss and **DENIES** plaintiff's motion to remand as moot.

This terminates Dkt. Nos. 42 and 43.

**IT IS SO ORDERED.**

Dated: December 12, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**